Mr. Larry Davis Mr. Bobby Dugger c/o Mary Cameron, Staff Attorney Revenue Legal Counsel P.O. Box 1272 Little Rock, Arkansas 72203
Dear Mr. Davis and Mr. Dugger:
You have both requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release, under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107), of certain records in your personnel files.
You indicate that a request has been presented to the Department of Finance and Administration for a copy of certain sick leave and annual leave records. My office has been provided with copies of these records. The custodian of the records has determined that these records should be released, although personal information, such as social security numbers and taxpayer information, will be deleted. I am required by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
It is my opinion that the custodian's determination that these records should be released is consistent with the FOIA.
This office has consistently opined that records reflecting annual leave and sick leave should be classified as "personnel records," within the meaning of the FOIA. See, e.g., Ops. Att'y Gen. Nos. 98-234, 98-172, 97-177, 97-173, 92-132. Accord, John Watkins, Arkansas Freedom ofInformation Act 125-126 (2d ed. 1994). Under the FOIA's statutory standard for the disclosability of "personnel records," personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy," and the records should be released.
I have reviewed the records in question and have found nothing of a sufficiently private nature to warrant withholding these records from disclosure. I therefore conclude that the custodian's determination that the records should be released is consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh